[No. 440. Decided February 7, 1893.]

BELLINGHAM BAY AND BRITISH COLUMBIA RAILROAD COMPANY, *Appellant*, v. H. B. STRAND AND JOSEPHINE STRAND, *Respondents*.

ON MOTION TO RE-TAX COSTS.

*Per Curiam.*— This is a motion to re-tax costs, and the motion is as follows:

"Come now the above named respondents and respectfully petition the above entitled court for an order re-taxing the costs taxed by the clerk of the above entitled court herein, on the ground and for the reason that said costs have been improperly taxed by the clerk, and on the further ground that said costs have been improperly allowed to the appellants by the clerk of this court."

The judgment was rendered in this cause May 12, 1892, the remittitur issued July 30th, and the execution issued August 13th; so that nearly eight months have elapsed since the opinion was rendered, and nearly six months since the execution was issued; under these circumstances the motion for re-taxation of costs will not at this time be entertained by this court.

Further, the motion is so indefinite that the opposite party has no notice of what particular items of costs are objected to.

For these reasons the motion will be refused. The other questions raised in the discussion of the case we do not now pass upon.

----

[No. 863. Decided February 20, 1893.]

SEATTLE AND MONTANA RAILWAY COMPANY, *Respondent*, v. THE STATE OF WASHINGTON *et al.*, *Appellants*.

*Original Application for Certiorari.*

*Ashton & Chapman,* and *Andrew F. Burleigh,* for petitioner.

5  807
Case 2
e29  495

STILES, J.—This is a petition of the Columbia & Puget Sound Railroad Company and others for a writ of *certiorari* to review the action of the superior court of King county in adjudging the proposed appropriation of certain rights-of-way in the city of Seattle a public use.

We are of the opinion that all of the questions which could be raised upon *certiorari* in such a case can be as well determined upon appeal; and as the statute provides for adequate protection to the petitioner through the bond required to be furnished by the condemning party, the application is denied.

DUNBAR, C. J., and ANDERS, HOYT and SCOTT, JJ., concur.